# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| IOLA ANDREWS, )<br>)<br>        Plaintiff, )<br>v. )<br>)<br>COMMOLOCO, INC. and AMERICAN )<br>GENERAL FINANCE, )<br>)<br>        Defendants. )<br>_____) | CIVIL NO. 2003/0066 |

## MEMORANDUM OPINION

Finch, Senior Judge

      THIS MATTER comes before the Court on the Motion to Compel Arbitration filed by Defendants CommoLoco, Inc. and American General Financial Services, Inc. Plaintiff Iola Andrews opposes arbitration on three principal grounds. She first claims that she did not agree to arbitrate at the time that she obtained her loan. Second, she asserts that the terms of the arbitration clause are unconscionable. Finally, she contends that her waiver of a jury trial contravened 5 V.I.C. § 815 in that such waiver was not made knowingly or voluntarily.

### I.  Agreement to Arbitrate

      Attached as Exhibit 1 to Defendants' Reply is a Promissory Note that provides, directly above Andrews signature:

> ARBITRATION NOTICE – I understand AND AGREE to the terms of the arbitration provisions contained in the documents of this transaction which require binding arbitration of any disputes, except for those disputes specifically excluded under the terms of the arbitration provisions, and I hereby WAIVE the right to a court or jury trial.

The Court finds that by signing the Promissory Note including this notice, Andrews agreed to

arbitration at the time that she obtained her loan.

**II.    Unconscionability**

When a contract is both procedurally and substantively unconscionable it is unenforceable. See Alexander v. Antony Intern., L.P., 341 F.3d 256, 265 (3d Cir. 2003). A contract of adhesion, "one which is prepared by the party with excessive bargaining party who presents it to the other party for signature on a take-it-or-leave-it basis," is procedurally unconscionable. Id. (quotation omitted). The Promissory Note that Andrews signed, in which she acquiesced to arbitration, was presented to her by the lending institution, an entity with far greater bargaining power, on a take-it-or-leave-it basis. Thus, the Promissory Note is procedurally unconscionable.

The arbitration clause referenced in the Promissory Note provides that (1) "[t]he Parties shall share all fees and expenses of the Arbitration equally," and (2) "each Party shall pay the expense of its own counsel, experts, witnesses, and preparation and presentation of proof." Andrews contends that both of these provisions are unconscionable. Defendants respond that Andrews has failed to show that she is unable to pay half of the arbitration's projected fees and expenses. Defendants also note that the requiring each party to bear its own costs and fees is a party-neutral provision which does not favor or oppress any party.

Andrews has not met her burden of showing either her inability to pay or the high cost of arbitration. See id. at 268-269. Thus, she has not demonstrated that the requirement that the parties split the arbitration fees and expenses is substantively unconscionable as applied to her.

In a personal injury case, eliminating an award of attorney's fees is a greater boon to the

defendant than to the plaintiff, since the prevailing defendant must meet a higher standard to recover its attorney's fees from the plaintiff.  See 5 V.I.C. § 541.  However, costs are equally available to a prevailing plaintiff and defendant.  Id.

Andrews has brought personal injury claims, including claims for negligent and intentional infliction of emotional distress.  Because the term requiring each party to bear its own attorney's fees unduly favor Defendants, the Court finds that it is substantively unconscionable.  Requiring each party to bear its own costs does not similarly unduly favor Defendants.  The unconscionable term – the term requiring each party to bear its own attorney's fees – is severable; it does not so permeate the arbitration provisions as to warrant denying arbitration.  See Spinetti v. Service Corp. Intern., 324 F.3d 212, 220 (3d Cir. 2003).

**III.    Knowing and Voluntary Waiver**

On September 1, 2006, Act No. 6857 was enacted. 24 V.I.C. § 451(b), re-designated as 5 V.I.C. § 815 by Act No. 6917 (Apr. 17, 2007).  Act No. 6857 provides: "An agreement that waives a right guaranteed by the Constitution of the United States, is unenforceable, unless the waiver of the right is agreed to knowingly and voluntarily."  According to Andrews, under this law, the Court must consider whether she entered into the arbitration-related provisions of the Promissory Note knowingly and voluntarily, even though she entered into the Promissory Note years before Act No. 6857 became law.

Civil laws may be applied retroactively as long as the legislature indicates clearly its intention to do so and the retroactive application would not violate the Constitution.  See Perez v. Elwood, 294 F.3d 552, 558 (3d Cir. 2002).  "The clear statement requirement is an exacting one.

Cases where the Supreme Court has found truly retroactive effect adequately authorized by statute have involved statutory language that was so clear that it could sustain only one interpretation." Id. (quotation omitted).

When there is no such clear statement, courts apply a presumption against retroactive application. Id.; see also Jordan v. Erschen, 45 V.I. 247, 251 (V.I. Terr. Ct. 2003) (applying presumption against retroactive application to a Virgin Islands statute). The presumption against statutory retroactivity is particularly applicable when new provisions affect "contractual or property rights, matters in which predictability and stability are of prime importance." Landgraf v. USI Film Products, 511 U.S. 244, 271 (1994). A statute has retroactive effect when "it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Id. at 280.

The Legislature of the Virgin Islands has not clearly indicated its intent to have Act No. 6857 apply retroactively. Andrews asks the Court to find that the statute does have retroactive effect because she believes that it would alter the balance of pre-existing contractual rights among the parties, particularly the enforceability of the arbitration provisions of the Promissory Note. To the extent that the statute would have retroactive effect, such effect is barred by the presumption against retroactive application and it only applies prospectively.

Because the law cannot be applied retroactively, the Court does not reach any of the other arguments raised by the parties concerning the new law.

**IV.    Conclusion**

Andrews agreed to arbitrate by signing the Promissory Note clearly stating that disputes

4

would be resolved by arbitration.  The Promissory Note is procedurally unconscionable and the requirement that each party bear its own attorney's fees is substantively unconscionable.  The Court does not reach the question of whether Andrews knowingly and voluntarily waived her right to a jury in violation of 5 V.I.C. § 815, because that law does not have retroactive effect.  Since Andrews presents no other objections to arbitration, the Court grants Defendants' motion to compel arbitration, after severing the term requiring each party to bear its own attorney's fees.

ENTER:

DATE:   August 4, 2009   _____/s/_____
Honorable Raymond L. Finch
Senior District Judge